**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 8 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLON CORDON-CORDON, AKA
Marlon Monfredo Cordon-Cordon,

        Petitioner,

  v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No.   15-70804

Agency No. A206-262-779

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Marlon Cordon-Cordon, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"), and from the BIA's denial of his request for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and for abuse of discretion the denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Cordon-Cordon's ineffective assistance of counsel claim. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (petitioner must exhaust administrative remedies by first presenting the issue to the BIA).

Cordon-Cordon does not challenge the agency's denial of his asylum application as untimely. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's conclusion that Cordon-Cordon failed to establish that a protected ground is one central reason for the harm he fears in Guatemala. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, petitioner must prove a protected ground is 'one central reason' for the persecution). Thus, his withholding of removal claim fails.

Substantial evidence also supports denial of Cordon-Cordon's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya*, 524 F.3d at 1073.

Finally, the BIA did not abuse its discretion in denying Cordon-Cordon's request for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247.

**PETITION FOR REVIEW IS DISMISSED in part; DENIED in part.**